UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-12237-JLT

_____
                                                            )
ACCESS 4 ALL, INC. a Florida not for profit corporation,    )
and PETER SPALLUTO, individually                            )
        Plaintiffs                                          )
                                                            )
v.                                                          )
                                                            )
BUCKMINSTER HOTEL CORPORATION, a Delaware Corporation, and  )
BOSTON KENMORE CONDOMINIUM TRUST, a Trust created under     )
Declaration of Trust dated December 26, 1986, as amended    )
        Defendants/Third Party Plaintiffs                   )
                                                            )
v.                                                          )
                                                            )
SALOMON & COMPANY REAL ESTATE, INC.                         )
        Third Party Defendant                               )
_____)

**DEFENDANTS' ANSWER AND REQUEST FOR JURY TRIAL AND THIRD-PARTY
COMPLAINT AGAINST
THIRD-PARTY DEFENDANT SALOMON & COMPANY REAL ESTATE, INC.**

Defendants Buckminster Hotel Corporation and Boston Kenmore Condominium Trust hereby set forth their answer to the First Amended Complaint filed by Plaintiffs Access 4 All, Inc. and Peter Spalluto and, further, set forth their Third-Party Complaint against Third-Party Defendant Salomon & Company Real Estate, Inc. pursuant to Fed.R.Civ.P. 14 as follows:

**JURISDICTION AND VENUE**

1.      Paragraph 1 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

2. Paragraph 1 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

3. Defendants are without knowledge or information sufficient to form a belief as to the allegations within paragraph number 3 of the Complaint and therefore deny same.

4. Defendants are unable to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint and call upon Plaintiffs to prove same. To the extent a further answer is required, the paragraph is denied.

5. Defendants admit that Boston Hotel Buckminster is located at 645 Beacon Street, Boston, MA in Suffolk County; otherwise, denied.

## STATUTORY BACKGROUND

6. Defendants admit the enactment of the Americans with Disabilities Act and as to the remaining allegations state that the statute speaks for itself. Paragraph 6 of the Amended Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, other than as set forth in the first sentence of the within paragraph, Defendants deny the allegations.

7. Paragraph 7 of the Amended Complaint contains recitations of congressional findings contained in the Americans with Disabilities Act for which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

8.      Paragraph 8 of the Amended Complaint contains recitations of congressional findings contained in the Americans with Disabilities Act for which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

9.      Paragraph 9 of the Amended Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

10.     Paragraph 9 of the Amended Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

11.     Defendants are unable to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint and call upon Plaintiffs to prove same. To the extent a further answer is required, the paragraph is denied.

12.     Defendants are unable to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint and call upon Plaintiffs to prove same. To the extent a further answer is required, the paragraph is denied.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Defendants admit that the Buckminster Hotel is a place of public accommodation. Defendants deny the remaining allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint

17. Defendants are unable to admit or deny the allegations contained in Paragraph 17 of the Amended Complaint and call upon Plaintiffs to prove same. Further answering, Defendants deny that Plaintiff Spalluto cannot use the pertinent part of the facility in question. To the extent a further answer is required, the paragraph is denied.

18. Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

## THE INSTANT CLAIM

19. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint

20. Defendants deny the allegations set forth in the first sentence of Paragraph 20 of the Amended Complaint, and, further deny that there are any alleged violations that materially affect usability. The second sentence of paragraph 20 is a demand for an inspection as to which no response is required. To the extent that anything herein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

21. Paragraph 21 of the Amended Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

22. Paragraph 22 of the Amended Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny the allegations.

23. Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Paragraph 25 of the Amended Complaint contains legal conclusions and statements concerning plaintiffs' retention of counsel as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part or that Plaintiffs are entitled to an award of fees and costs, Defendants deny said allegations.

26. Paragraph 26 of the Amended Complaint contains legal conclusions and statements concerning plaintiffs' retention of counsel as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations.

27. Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Paragraph 28 of the Amended Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendants' part, Defendants deny said allegations, and, answering further, Defendants deny that there is any basis for injunctive relief.

29. Defendants deny that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause of the Amended Complaint or to any other relief.

30  Any allegation not previously admitted or denied is hereby denied.

**AFFIRMATIVE AND OTHER DEFENSES**

In further answer to the Amended Complaint, Defendants state the following affirmative and other defenses:

### FIRST DEFENSE

The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted as to one or both Plaintiffs.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### THIRD DEFENSE

All actions taken with respect to Plaintiffs were taken in good faith and for legitimate business reasons.

### FOURTH DEFENSE

Defendants did not act with bad faith, evil motive, willfulness, malice or reckless indifference toward Plaintiffs.

### FIFTH DEFENSE

The applicable law does not entitle Plaintiffs to recover compensatory or punitive damages as to some or all of the claims.

### SIXTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted herein and/or to obtain the relief requested.

**SEVENTH DEFENSE**

There are no barriers to accessibility at the public accommodation at issue in this case.

**EIGHTH DEFENSE**

Assuming, *arguendo*, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect usability.

**NINTH DEFENSE**

Any and all alterations, as defined in Title III of the ADA, after January 26, 1992, were made so that to the maximum extent feasible, the altered portion of the facilities, if any, are readily accessible to and usable by individuals with disabilities.

**TENTH DEFENSE**

To the extent that any alterations were made triggering the requirements of 28 C.F.R. §36.403 (path of travel), the cost of meeting those requirements are disproportionate to the cost of the alterations.

**ELEVENTH DEFENSE**

Assuming, *arguendo*, that the ADA Accessibility Guidelines are deemed relevant to this case, any deviations from those guidelines are *de minimus* and within construction tolerances.

**TWELFTH DEFENSE**

The alleged deficiencies asserted in the Amended Complaint are not required to be corrected by the applicable law because to do so would constitute an undue burden or would be structurally impracticable in whole or in part.

**THIRTEENTH DEFENSE**

Assuming, *arguendo*, that any barriers as alleged do exist, their removal is beyond the control or capacity of Defendants and/or are barred by fire or other regulations.

**FOURTEENTH DEFENSE**

All actions taken with regard to the design and construction of the facility in question were taken in good faith and for legitimate, lawful business reasons.

**FIFTEENTH DEFENSE**

The facility in question provides equivalent facilitation and/or appropriate means for disabled patrons to enjoy its goods, services and facilities.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of laches or waiver.

**SEVENTEENTH DEFENSE**

Plaintiffs are estopped to assert the claims set forth in the Amended Complaint.

**EIGHTEENTH DEFENSE**

The property at issue is exempt from some or all of the requirements of the ADA and implementing regulations by reason of its historic nature and significance.

### NINETEENTH DEFENSE

Plaintiffs' damages, if proved, were not caused by Defendants.

### TWENTIETH DEFENSE

Plaintiffs have failed to state their claims with the requisite particularity.

### TWENTY-FIRST DEFENSE

There has been insufficient process and insufficient service of process on the Defendants.

### TWENTY-SECOND DEFENSE

This Court lacks jurisdiction over the Defendants and/or over the subject matter.

### TWENTY-THIRD DEFENSE

Defendants reserve the right to assert additional affirmative or other defenses with regard to some or all of Plaintiffs' claims.

**WHEREFORE**, Defendants respectfully request that the Amended Complaint be dismissed in its entirety, with prejudice, and that they be awarded their fees and costs and such other relief as the Court may deem appropriate.

### THIRD-PARTY COMPLAINT AND REQUEST FOR JURY TRIAL

1. The Defendant/Third-Party Plaintiff, Buckminster Hotel Corporation is a corporation organized under the laws of the State of Delaware with a principal place of business located at 645 Beacon Street, Boston, Suffolk County, Massachusetts.

2. The Defendant/Third-Party Plaintiff Boston Kenmore Condominium Trust is a trust created under a Declaration of Trust dated December 26, 1986, as amended.

3. The Third-Party Defendant Salomon & Company Real Estate, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 645 Beacon Street, Boston, Suffolk County, Massachusetts.

## COUNT I

4. Plaintiffs have instituted a matter against Defendants arising out of alleged violations of the Americans with Disabilities Act.

5. From March 19, 1997 to the present, Third-Party Defendant Salomon & Company Real Estate, Inc. has been and is the manager of the premises located at 645 Beacon Street, Boston, Massachusetts which is the subject of the within lawsuit brought by Plaintiffs (hereinafter, the "Premises"). At all times relevant, Third-Party Defendant Salomon & Company Real Estate, Inc. was responsible for ensuring, among other things, that the Premises complied with any and all of the requirements of the Americans with Disabilities Act.

6. If one or both of the Defendants/Third-Party Plaintiffs is/are found liable to one or both Plaintiffs which liability they deny, and if either Defendant/Third-Party Plaintiff pays more than *its pro*

*rata* share of its liability to one or both Plaintiffs, then Defendants/Third-Party Plaintiffs are entitled to contribution from the Third-Party Defendant Salomon & Company Real Estate, Inc.

**WHEREFORE**, to the extent that one or both of the Defendants/Third-Party Plaintiffs may be answerable in damages or otherwise to one or both Plaintiffs, the Defendant/Third-Party Plaintiffs respectfully request that this Court order the Third-Party Defendant, Salomon & Company Real Estate, Inc. to pay contribution to Defendants/Third-Party Plaintiffs.

### COUNT II

7.      The Defendants/Third-Party Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 6 of the Third-Party Complaint, *supra*, as if expressly set forth herein.

8.      The Defendants/Third-Party Plaintiffs state that if in fact one or both of the Plaintiffs suffered injuries, discrimination and/or incurred damages in this action, then his or its injuries, discrimination and/or damages were due to the negligence and/or other wrongful conduct of Third-Party Defendant Salomon & Company Real Estate, Inc.

9.      As a direct and proximate result of the negligence or other wrongdoing of Third-Party Defendant Salomon & Company Real Estate, Inc., the Plaintiffs allegedly suffered injuries, discrimination and damages;  Defendants/Third-Party Plaintiffs did not participate in any negligence or other wrongdoing.  Rather, the negligence or other wrongful conduct of  Defendants/Third-Party Plaintiffs, if any, was derivative and vicarious, whereas the negligence or other wrongful conduct of Third-Party Defendant Salomon & Company Real Estate, Inc. was actual and active.  Defendants/Third-

Party Plaintiffs are therefore entitled to be indemnified in full by Third-Party Defendant Salomon & Company Real Estate, Inc.

**DEFENDANTS/THIRD-PARTY PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS OF THE AMENDED COMPLAINT AND THE THIRD-PARTY COMPLAINT SO TRIABLE.**

                                                                                                      The Defendants
Buckminster Hotel Corporation, and
Boston Kenmore Condominium Trust
By Their Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo  BBO#279300
Paul J. Klehm  BBO# 561605
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA  01810
(978) 475-9955

Dated:   March 18, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid on March 18, 2005.

/s/ Paul J. Klehm
Paul J. Klehm