UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-12237-JLT

_____
                                                                       )
ACCESS 4 ALL, INC. a Florida not for profit corporation,         )
and PETER SPALLUTO, individually                                 )
     Plaintiffs                                                   )
                                                                       )
v.                                                                     )
                                                                       )
BUCKMINSTER HOTEL CORPORATION, a Delaware Corporation, and)
BOSTON KENMORE CONDOMINIUM TRUST, a Trust created under   )
Declaration of Trust dated December 26, 1986, as amended         )
     Defendants/Third-Party Plaintiffs                     )
                                                                       )
v.                                                                     )
SALOMON & COMPANY REAL ESTATE, INC.                          )
     Third-Party Defendant                                    )
_____)

**DEFENDANT BOSTON KENMORE CONDOMINIUM TRUSTS' MOTION TO
DISMISS ALL CLAIMS AGAINST DEFENDANT BOSTON KENMORE
CONDOMINIUM TRUST, OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT**

Defendant Boston Kenmore Condominium Trust hereby moves this Court pursuant to

Fed.R.Civ.P. 12(b)(6) to dismiss all claims of Plaintiffs' Amended Complaint against Boston Kenmore

Condominium Trust where the Amended Complaint fails to allege any nexus between Boston Kenmore

Condominium Trust and the premises at issue in Plaintiffs' alleged American With Disabilities Act

claims.  In the alternative, Defendant Boston Kenmore Condominium Trust hereby moves this Court to

order Plaintiffs to provide a more definite statement of their claims against Boston Kenmore

Condominium Trust within ten days.  Defendant Boston Kenmore Condominium Trust relies upon the

reasons set forth below:

1.      On October 25, 2004, Plaintiffs filed an initial Complaint in this matter, asserting certain claims against Defendant Buckminster Hotel Corporation arising, in essence, out of violations of the Americans with Disabilities Act allegedly experienced by Plaintiff Peter Spalluto when he was a guest of the Buckminster Hotel.

2.      On January 27, 2005, Plaintiffs filed an Amended Complaint.  The Amended Complaint appears to be virtually identical to the original complaint, with the following exceptions:

>      a.      The case caption and the unnumbered introductory paragraph include references to "Boston Kenmore Condominium Trust, a Trust created under Declaration of Trust dated December 26, 1986, as amended."
>
>      b.      In Paragraphs 2 and 5 of the Amended Complaint, the word "Defendants's" appears in place of the word "Defendant's" in the original Complaint.

3.      The Amended Complaint does not contain the typical paragraphs describing each Defendant, although the Amended Complaint does include a heading which reads "The Parties and Standing."

4.      The remainder of the Amended Complaint refers to the term "Defendant" in the singular form, without identifying the particular Defendant to which the term refers.

5.      As a result, Defendants are not able to determine how to respond to numerous paragraphs of the Complaint, other than through a general denial.  More importantly, since the original Complaint solely sought to allege claims against Defendant Buckminster Hotel Corporation, it is a fair inference that references to "Defendant" in the Amended Complaint, without more, continue to refer to Defendant Buckminster Hotel Corporation.

6.      In assessing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the Court must

determine whether there are "factual allegations, either direct or inferential, regarding each material

element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851

F.2d 513, 514 (1st Cir.1988).   In the case at bar, the Amended Complaint includes no allegation

whatsoever as to the nexus, if any, between Boston Kenmore Condominium Trust and the property.

According to Section 302 of the Americans With Disabilities Act, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services … or

accommodations of any place of public accommodation by any person who owns, leases (or leases to),

or operates a place of public accommodation."  Leaving aside for the moment the question of whether

the premises at issue constitute a place of public accommodation, the fact remains that Plaintiffs have

failed to allege whether Defendant Boston Kenmore Condominium Trust owns, leases or operates a

place of public accommodation.   Plaintiffs cannot simply fail to allege such a vital fact and be permitted

to ignore one of the essential elements of their own claims.  In the absence of such an allegation,

Plaintiffs cannot demonstrate one of the elements of an Americans With Disabilities Act.  Therefore,

where Plaintiff has failed to meet the minimal requirements of this notice pleading jurisdiction,

Defendant Boston Kenmore Condominium Trust respectfully requests that this Court dismiss all claims

against Defendant Boston Kenmore Condominium Trust.

7.      In the alternative, Defendant Boston Kenmore Condominium Trust respectfully requests

that this Court order Plaintiffs, consistent with their obligations under Fed.R.Civ.P. 11,  to submit a more

definite statement of their claims against Boston Kenmore Condominium Trust within ten days.

**WHEREFORE**, for the above reasons, Defendant Boston Kenmore Condominium Trust

respectfully requests that this Court GRANT the within motion and dismiss all claims against Boston

Kenmore Condominium Trust. In the alternative, Defendant Boston Kenmore Condominium Trust

respectfully requests that this Court order Plaintiffs to submit a more definite statement of their claims

against Boston Kenmore Condominium Trust within ten days.

<div style="margin-left:50%;">

The Defendant
Boston Kenmore Condominium Trust
By Its Attorneys,


/s/ Paul J. Klehm
James B. Krasnoo  BBO#279300
Paul J. Klehm  BBO# 561605
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA  01810
(978) 475-9955

</div>

Dated:  March 18, 2005

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

On March 18, 2005, at approximately 2:09 p.m., I, Paul J. Klehm, counsel to Defendants spoke by telephone with Plaintiffs' counsel, Lawrence Fuller, Esq., to alert him regarding the filing of the within motion.  In addition, at approximately 3:11 p.m. on that date, I sent a follow-up e-mail to Lawrence Fuller, Esq. informing him that I also intended to seek, in the alternative a more definitive statement.

<div style="margin-left:40%;">

/s/ Paul J. Klehm
Paul J. Klehm

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid on March 18, 2005.

<div style="margin-left:40%;">

/s/ Paul J. Klehm
Paul J. Klehm

</div>