UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-12237-JLT

_____
                                                          )
ACCESS 4 ALL, INC. a Florida not for profit corporation,  )
and PETER SPALLUTO, individually                          )
    Plaintiffs                                           )
                                                          )
v.                                                        )
                                                          )
BUCKMINSTER HOTEL CORPORATION, a Delaware Corporation, and)
BOSTON KENMORE CONDOMINIUM TRUST, a Trust created under   )
Declaration of Trust dated December 26, 1986, as amended  )
    Defendants/Third-Party Plaintiffs                     )
                                                          )
v.                                                        )
SALOMON & COMPANY REAL ESTATE, INC.                       )
    Third-Party Defendant                                 )
_____)

**DEFENDANTS BUCKMINSTER HOTEL CORPORATION AND BOSTON KENMORE CONDOMINIUM TRUSTS' MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM  AGAINST DEFENDANT S OR, IN THE ALTERNATIVE,**
<u>**MOTION FOR MORE DEFINITE STATEMENT**</u>

Defendants Buckminster Hotel Corporation and Boston Kenmore Condominium Trust hereby move this Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted where (1) Plaintiffs lack standing, and (2) Plaintiffs have failed to allege a *prima facie* case of discrimination.  In the alternative, Defendants hereby move this Court to order Plaintiffs to provide a more definite statement of their claims within ten days.  Defendants rely upon the reasons set in the memorandum of law filed herewith and upon the reasons set forth in Defendant Mercury Huntington Corp.'s Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint, filed in the matter of *Access 4 All, Inc. v. Mercury Huntington Corp.*, United States District Court,

Civil Action No. 04-12239-RCL, which concerns similar allegations of Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12181 *et seq.* made by the same Plaintiffs. (See **Exhibit A** attached to the Memorandum of Law filed herewith).   The Mercury Huntington Corp.'s memorandum of law is incorporated herein by reference and made a part hereof.

**WHEREFORE**, for the above reasons, Defendants Boston Kenmore Condominium Trust and Buckminster Hotel Corporation respectfully request that this Court GRANT the within motion and dismiss all claims against Defendant Boston Kenmore Condominium Trust and Buckminster Hotel Corporation. In the alternative, Defendants respectfully request that this Court order Plaintiffs to submit a more definite statement of their claims within ten days.

The Defendants
Boston Kenmore Condominium Trust and
Buckminster Hotel Corporation
By Their Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo  BBO#279300
Paul J. Klehm  BBO# 561605
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA  01810
(978) 475-9955

Dated:  March 18, 2005

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

On March 18, 2005 at 2:09 p.m. I, Paul J. Klehm, counsel to Defendants, spoke by telephone with Lawrence Fuller, Esq., counsel to Plaintiffs, by telephone, and I alerted Attorney Fuller that I would be filing the within motion.  At approximately 3:11 p.m. today, I forwarded an email to Attorney Fuller informing him that I had forgotten to mention that I was moving, in the alternative, for a more definite statement.

/s/ Paul J. Klehm
Paul J. Klehm

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid on March 18, 2005.

                                          /s/ Paul J. Klehm_____
                                          Paul J. Klehm