UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-12237-JLT

|   |   |
|---|---|
| ACCESS 4 ALL, INC. a Florida not for profit corporation, and PETER SPALLUTO, individually<br>　　　Plaintiffs | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| BUCKMINSTER HOTEL CORPORATION, a Delaware Corporation, and BOSTON KENMORE CONDOMINIUM TRUST, a Trust created under Declaration of Trust dated December 26, 1986, as amended<br>　　　Defendants/Third-Party Plaintiffs | )<br>)<br>)<br>)<br>)<br>) |
| v.<br>SALOMON & COMPANY REAL ESTATE, INC.<br>　　　Third-Party Defendant | )<br>)<br>)<br>) |

**DEFENDANTS BUCKMINSTER HOTEL CORPORATION AND BOSTON KENMORE CONDOMINIUM TRUSTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AGAINST DEFENDANTS OR, IN THE ALTERNATIVE,
<u>MOTION FOR MORE DEFINITE STATEMENT</u>**

**<u>Introduction</u>**

In this case, Plaintiffs Peter Spalluto and ACCESS 4 ALL, Inc. seek to allege claims against Defendants Buckminster Hotel Corporation and Boston Kenmore Condominium Trust[1] arising out of alleged violations of the ADA. Plaintiffs seek injunctive relief, attorneys' fees, litigation expenses and costs under the ADA. From a review of the PACER docket entries for the United States District Court for the District of Massachusetts, the within matter represents one of approximately nine similar ADA cases filed by ACCESS 4 ALL, Inc. in this Court. Defendants incorporate herein by reference the Defendant Mercury Huntington Corp.'s

---

[1] The Trust has separately filed a motion to dismiss.

Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint, filed in the matter of *Access 4 All, Inc. v. Mercury Huntington Corp.*, United States District Court, Civil Action No. 04-12239-RCL, which concerns similar allegations of Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12181 *et seq.* made by the same Plaintiffs. (See **Exhibit A** attached hereto).

## Facts

On October 25, 2004, Plaintiffs filed an Amended Complaint in the within matter. For purposes of considering a motion to dismiss, the Court must take all of the well-pleaded allegations set forth in the Amended Complaint as true. *Carroll v. Xerox Corp.*, 294 F.3d 231, 241 (1st Cir., 2002). Keeping this requirement in mind, and without conceding any of the factual allegations made by Plaintiffs in the Amended Complaint, we review the relevant facts set forth therein:

In the Amended Complaint, Plaintiffs include a lengthy series of paragraphs purportedly outlining the ADA. (See Amended Complaint (hereinafter, "A.C."), ¶¶6 – 10). Plaintiff ACCESS 4 ALL, Inc. (hereinafter, "ACCESS 4 ALL") is an organization which represents the interests of individuals with disabilities. (A.C. ¶11). Plaintiff Peter Spalluto is a person with disabilities who has visited the Buckminster Hotel and plans to return. (A.C. ¶12). The Amended Complaint does not specify the nature of Mr. Spalluto's disability, nor does the Amended Complaint identify when Mr. Spalluto visited the Buckminster Hotel, nor when he plans to return to the Buckminster Hotel. Spalluto, a member of ACCESS 4 ALL, alleges, among other things, that he has "encountered architectural barriers at the subject property," and that they have "endangered his safety." (A.C., ¶¶12, 13).

An unidentified "Defendant" owns or leases or operates a place of public accommodation known as Boston Hotel Buckminster. (A.C. ¶15). The Amended Complaint does not state whether the hotel at issue is a newly designed or newly constructed building and facility or an altered portion of an existing building for purposes of the ADA Accessibility Guidelines ("ADAAG") cited by Plaintiffs throughout the Amended Complaint. See Section 4.1.1 (1) of the ADAAG.

Plaintiffs contend that the unidentified "Defendant" has discriminated, and continues to discriminate, against Plaintiffs in various ways. (A.C., ¶¶18, 19). Plaintiffs go on to list, in broad terms, several alleged violations of ADA. (A.C. ¶19).

## Standard for Review

In ruling on a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the Court must consider the well-pleaded allegations of the complaint. *Lessler v. Little*, 857 F.2d 866, 867 (1st Cir. 1988), *cert. denied*, 489 U.S. 1016 (1989). Pleadings cannot be based upon "subjective characterizations" or "unsubstantiated conclusions," *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23 (1st Cir. 1990), and the Court need not take bald assertions or unsupportable conclusions in the light most favorable to Plaintiffs. See *id*. at 23. "A court may dismiss a case only if there is no set of facts which would justify recovery." *Orton v. Parametric Technology*, 2004 WL 2475330 (D.Mass. 2004). *See, e.g., Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir.1999).

**I.  Plaintiffs' Amended Complaint Fails to State Claims Upon Which Relief May Be Granted Where (1) Plaintiffs Lack Standing, and (2) Plaintiffs Have Failed to Allege a *Prima Facie* Case of Discrimination.**

**A.  Plaintiffs Lack Standing Where (1) They Cannot Demonstrate Injury in Fact, (2) They Cannot Show That They Are Likely to Experience Future Harm, and (3) ACCESS 4 ALL Has Not Demonstrated Associational Standing.**

Defendants incorporate herein by reference the legal argument set forth in Part I of the Mercury Huntington Corp.'s Memorandum of Law attached hereto as **Exhibit A**.  (See, in particular, pages 2 through 8 thereof).

In order to demonstrate standing, Plaintiffs must show (1) injury in fact which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;"  (2) a causal relationship between the injury and the alleged wrongful conduct;  and (3) that it is likely that a favorable decision will redress the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992)(citations omitted).  To the extent that Plaintiffs seek injunctive relief, they must demonstrate a "real and immediate" threat of harm in order to show injury in fact.  Speculative future harm is not enough.

    1.    **Plaintiffs Cannot Show Injury in Fact.**

The party seeking to invoke federal jurisdiction carries the burden of proving standing. See *id*. at 561, 112 S.Ct. at 2136.  In the case at bar, Spalluto has failed to demonstrate a sufficient injury in fact to establish standing. See *id* at 560-61 (1992).  Spalluto makes broad allegations of injury without demonstrating any actual harm.  While he lists several alleged failures on the part of Defendants, he fails to demonstrate, or to allege, that he has been harmed thereby.  He does not say, for instance, that he attempted to gain access to a particular area but he was prohibited from doing so, other than in the most generalized and hypothetical sense.  He

cannot simply allege inaccessibility without setting forth how the alleged inaccessibility caused him harm. See *Frotton v. Barkan*, 236 F.Supp.2d 92, 97-98 (D.Mass. 2002).

### 2. Plaintiffs Have Failed to Demonstrate That They Are Likely to Experience Future Harm.

In order to obtain injunctive relief, which Plaintiffs seek here, Plaintiffs must demonstrate an actual impending threat of harm. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-105 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Nothing in the Amended Complaint suggests that Plaintiffs frequent the hotel, or even that Spalluto intends to visit the hotel on a particular date in the future. There is, therefore, no actual impending threat of harm which would give rise to standing.

### 3. ACCESS 4 ALL Cannot Demonstrate Associational Standing.

Defendants incorporate herein by reference Parts I(3) and I(4) of the Mercury Huntington Memorandum of Law as if expressly set forth herein. (See **Exhibit A**, pp. 6-7).

### II. Plaintiffs' Claims Should Be Dismissed For Failure to State a Claim.

In order to survive a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), Plaintiffs must demonstrate a *prima facie* case of discrimination under the ADA. The ADA is available to "any person who is being subjected to discrimination on the basis of disability …. or who has reasonable grounds for believing that such person is about to be subject to discrimination…." 42 U.S.C. §12188(1)(a). Spalluto must first demonstrate that he has a disability. See 42 U.S.C. §12102(2). The Amended Complaint does not allege the nature of the disability. As a result, Defendants cannot assess whether Spalluto suffers from an impairment that substantially limits a major life activity. Plaintiffs have

5

failed to allege at their peril sufficient facts with which to establish Spalluto's disability. As a result, Plaintiffs have failed to establish a *prima facie* case of discrimination in their Amended Complaint.

Additionally, Plaintiffs do not allege whether Defendants' premises are a new construction, or whether the premises have been altered sufficiently to bring the structure within the confines of the ADA and/or the ADAAG. The structure at issue was built in 1897, long before the enactment of the ADA, which became law on January 23, 1990. As a result, Plaintiffs have failed to allege sufficient facts to demonstrate that the premises fall within the ADA.

Moreover, Plaintiffs use the term "Defendant" in the singular form throughout the Amended Complaint, without identifying the particular Defendant to which they refer. (See e.g. ¶¶15, 16, 18, 19, 20, 21, 23, 24, 25, 26 and 28). Plaintiffs must state their claims with the requisite particularity, without leaving the Defendants guessing as to whom Plaintiffs refer in their Amended Complaint. As a result, Defendants have no fair notice as to which Defendant Plaintiffs refer when they make their allegations.

Defendants therefore respectfully request that this Court dismiss all of the claims set forth in the Amended Complaint.

### **Conclusion**

Plaintiffs have now filed an original Complaint and an Amended Complaint. The Amended Complaint has failed to state claims upon which relief may be granted. Defendants Boston Kenmore Condominium Trust and Buckminster Hotel Corporation respectfully request that this Court dismiss all claims against Defendant Boston Kenmore Condominium Trust and Buckminster Hotel Corporation. There is no reason why this Court should grant Plaintiffs a third chance to attempt to state their claims.

Nonetheless, in the alternative, Defendants respectfully request that this Court order Plaintiffs to submit a more definite statement of their claims within ten days.

The Defendants
Boston Kenmore Condominium Trust and
Buckminster Hotel Corporation
By Their Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo  BBO#279300
Paul J. Klehm  BBO# 561605
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA  01810
(978) 475-9955

Dated:   March 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid on March 18, 2005.

/s/ Paul J. Klehm
Paul J. Klehm