UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

ACCESS 4 ALL, INC. a Florida not for profit
corporation, and PETER SPALLUTO, Individually,

       Plaintiffs,

vs.

BUCKMINSTER HOTEL CORPORATION, a
a Delaware Corporation, and BOSTON KENMORE
CONDOMINIUM TRUST, a Trust created under
Declaration of Trust dated December 26, 1986, as
amended,
       Defendant.

Case No.1:04-CV-12237-JLT

Judge Joseph L. Tauro
Magistrate Judge Alexander

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT BOSTON KENMORE CONDOMINIUM TRUST AND A MORE DEFINITE STATEMENT

      Plaintiffs, ACCESS 4 ALL, INC., a Florida not-for-profit corporation, and PETER SPALLUTO, Individually, respectfully oppose Defendant's Motion to Dismiss and ask the Court not to grant the Motion to Dismiss. In the alternative, under Fed.R.Civ.P. 11, Plaintiffs' voluntary submit this more definite statement of its claims against Boston Kenmore Condominium Trust.

      Plaintiff Spalluto is a quadrapeligic and disabled person as defined by the Americans with Disabilities Act (ADA). Access 4 All, Inc. is a disability advocacy group to which Spalluto belongs and which includes amongst its members disabled individuals representing a cross section of those

1

disabled individuals protected under the ADA. On a visit to Defendants' property, Spalluto encountered many barriers to access depriving him of his right and enjoyment of the Defendants' property, the Boston Hotel Buckminster. These barriers also endangered his safety.

In its Motion to Dismiss the Defendant states that the Plaintiffs' Amended Complaint "fails to allege any nexus between Boston Kenmore Condominium Trust and the premises at issue in Plaintiffs' alleged American With Disabilities Act claims." Plaintiffs do not have to allege a "nexus" between Boston Kenmore Condominium Trust and the premises at issue. In its pleadings, Plaintiffs are only required to allege a cause of action sufficient to allow Defendant to conduct discovery in attempt to prove the allegations. Jackam v. Hospital Corporation of Am. Mideast, Ltd. 800 F2d. 1577, 1579 (11th Cir. 1980). A Complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle the Plaintiff to relief. Conley v. Gibson, 355 U.S. 41 (1957). When ruling a Motion to Dismiss, the Court is required to view the Complaint in the light most favorable to the Plaintiff and accept the Plaintiffs' well-pleaded facts as true. Scheur v. Rhodes 416 U.s. 232 (1974); St. Joseph's Hospital, Inc. v. Hospital Corporation of America 795 F.2d 948 (11th Cir. 1986).

Plaintiffs have alleged a sufficient cause of action in their Amended Complaint. In paragraph 5 of its Amended Complaint, Plaintiffs allege that the Defendant owns, leases, leases to or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA and that the place of public accommodation is known as Boston Hotel Buckminster and is located at 645 Beacon Street, Boston, MA. Defendant is correct to point out that the term "Defendant" is singular in this particular paragraph. This is a typographical mistake on Plaintiffs' part. However, because the Amended Complaint was intended primarily to add the Kenmore Condominium Trust as

2

a Defendant, the Defendants and the Court should infer that the Plaintiffs are asserting that both Defendants either own, lease, lease to or operate the Boston Hotel Buckminster, and therefore both Defendants can be held liable under the ADA.

Although not necessary for the determination of this Motion to Dismiss, Plaintiffs will provide information about Defendant Kenmore Condominium Trust's relationship to the property at issue. By virtue of its Trust Agreement, the Kenmore Condominium Trust is the *operator* of the property at issue, the Boston Hotel Buckminster. The Kenmore Condominium Trust was created in 1986 with the purpose of obtaining the Master Deed "creating the condominium provide for the ownership, operation, management, maintenance and use of the units within the property together with certain other improvements." *See* Boston Kenmore Condominium Trust at Article II, Section 1 at *Exhibit 1*. The Master Deed describes the property at 645 Beacon Street, Boston, MA. The trust was also organized to provide "a convenient means of administering the condominium by the owners thereof." *See* Boston Kenmore Condominium Trust at Article II, Section 1 at *Exhibit 1*. The Trust sets out a classic operator relationship with the Boston Hotel Buckminster. In addition, the condominium laws at Section 10 set of Chapter 183A of the *General Laws of Massachusetts* sets outs that the corporation, trust or unincorporated association provided for in the master deed for the management and regulation of the condominium shall have financial record keeping, leasing, litigation oversight and the ability to convey property within its authority and power.

While it is true that the ADA is typically not applicable to condominium units, it is applicable where the building, or portions thereof, are used as an inn, hotel, motel, place of lodging, or other place of public accommodation as defined by the ADA. *See* attached Order

3

Denying Defendant's Motion to Dismiss in <u>Access for the Disabled, Inc. and Donna Ricci v. Fortune House Condominium Association, Inc</u>. at *Exhibit 2*. This is the case with the Boston Hotel Buckminster. The Boston Hotel Buckminster is used as a hotel and is part of a hotel consortium where units can be rented to the public. The hotel units of the Boston Hotel Buckminster are advertised through interstate commence and thus its operations affect interstate commerce. *See* Hotel Brochures at *Exhibit 3*. The hotel guests renting the units have no ownership interests in or possessory rights to the units. By placing the units in a hotel pool and renting the units out, the Defendants are operating a place of public accommodation and are subject to the ADA.

Title III of the ADA states "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), operates a place of public accommodation." 42 U.S.C. § 12182(a). As the operating entity of the of the condominium, the Trust is subject to an injunction if the Trust is engaging in an operation that discriminates against disabled individuals in violation of the ADA. In addition, a facility whose operations affect interstate commerce is a place of public accommodation for purposes of the ADA to the extent that its operation included the types of activities contained at section 301(7) of the ADA. *See* 42 U.S.C. 12181 or 28 C.F.R. 36.401. For all of these reasons, the Boston Hotel Buckminster is a place of public accommodation as defined under the ADA.

In any event, the Defendants in their Answer at paragraph 15 admit that the Buckminster Hotel is a place of public accommodation.

WHEREFORE, for the above reasons, the Plaintiffs request the Court to deny Defendant's

Motion to Dismiss.

          Respectfully Submitted,

          FULLER, FULLER AND ASSOC., P.A.
          Attorney for Plaintiffs
          12000 Biscayne Blvd., Suite 609
          North Miami, FL 33181
          (305) 891-5199 - Dade
          (954) 463-6570 - Broward
          (305) 893-9505 - Fax

          By: _____
              O. Oliver Wragg, Esquire
              Of Counsel
              Bar Number: 643152

          Date: 4/6/05