13248 001

## BOSTON KENMORE CONDOMINIUM TRUST

L 285

THIS DECLARATION OF TRUST is made this ___ day of December, 1986, at Boston, in the County of Suffolk, and Commonwealth of Massachusetts, by Edmund I. Shamsi, of Boston, Suffolk, County, Massachusetts (hereinafter called the "trustee", which term and any pronoun referring thereto shall be deemed to include his successor in trust hereunder and to mean the Trustee or the trustees for time being hereunder, whenever the context so permits).

### ARTICLE I - Name of Trust

The trust hereby created shall be known as the Boston Kenmore Condominium Trust, and under that name, so far as legal, convenient and practicable, shall all business carried on by the Trustees be conducted and shall all instruments in writing by the Trustees be executed.

### ARTICLE II - The Trust and Its Purpose

Section 1. Unit Owners' Organization.

The purpose for which this Trust is formed is as follows: A Master Deed for the condiminium known as Boston Kenmore Condominium has been filed and registered with the Suffolk Registry of Deeds of even date herewith in Boston, Massachusetts. The Master Deed creating the condominium provide for the ownership, operation, management, maintenance and use of the units within the property together with certain other improvements. This trust is being organized for the purpose of providing a convenient means of administering the condominium by the owners thereof.

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-2474-CIV-SEITZ/GARBER

ACCESS FOR THE DISABLED, INC.,
a Florida not for profit corporation, and
DONNA RICCI, Individually,

        Plaintiffs,

VS.

FORTUNE HOUSE CONDOMINIUM
ASSOCIATION, INC., a Florida not for
profit corporation,

        Defendant.
_____/



## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant, Fortune House Condominium Association, Inc.'s ("Fortune House") Motion to Dismiss [DE -16]. Because the Plaintiffs have stated a valid claim for relief under the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and have named an appropriate Defendant who can afford Plaintiffs the relief they are seeking, the Court DENIES Defendant's Motion to Dismiss.

I

### Factual Background

On June 14, 2001, Plaintiffs, Access for the Disabled, Inc. ("Access"), a Florida not for profit corporation, and Donna Ricci ("Ricci"), individually, filed this Complaint seeking injunctive relief against Fortune House for alleged violations of the ADA. Plaintiffs allege that Fortune House owns, operates, leases or leases to the Fortune House Condominium/Hotel, a place of public accommodation located at 185 S.E.

EXHIBIT 2

14th Terrace, Miami, Florida.¹ Ricci alleges that barriers to access in exterior routes, interior/accessible rooms, and restrooms in accessible rooms at Fortune House's property have effectively denied or diminished her ability to visit the property and have endangered her safety in violation of the ADA. Access alleges that it and its members have suffered and will continue to suffer direct and indirect injury as a result of Fortune House's failure to comply with the ADA. Plaintiffs seek injunctive relief against Fortune House including an order to make all readily achievable alterations to the facility, or to make such facility readily accessible to and usable by individuals with disabilities pursuant to the ADA. On September 10, 2001, Fortune House filed a motion to dismiss Plaintiffs' Complaint for failure to state a claim under the ADA and for failure to join necessary and indispensable parties. See Fed. R. Civ. P. 12(b)(6) & 19. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

II

Discussion

A.   Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal of a claim is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [the plaintiff] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Blackstone v. Ala., 30 F.3d 117, 120 (11th Cir. 1994). The Court must accept the Plaintiffs' allegations as true and view those allegations in a favorable light to determine whether the complaint fails to state a claim for relief. S & Davis Int'l, Inc. v. Republic of Yemen, 218 F.3d 1292, 1298 (11th Cir. 2000). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is... 'exceedingly low.'"Ancata v. Prison

---

¹ For purposes of the ADA, 42 U.S.C. §12181(7)(A) defines a place of "public accommodation" as "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor."

Page 2 of 4

Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

Fortune House contends that, with the exception of certain limited common areas, Fortune House's property is not a place of "public accommodation" and therefore is not subject to the ADA. However, at this stage of the litigation, the Court must accept Plaintiffs' allegations as true, and view those allegations in the light most favorable to the Plaintiffs. See S & Davis Int'l, 218 F.3d at 1298. Because Plaintiffs have alleged that Fortune House owns, operates, leases or leases to the Fortune House Condominium/Hotel, a place of public accommodation, and that Fortune House has failed to comply with the ADA, the Court finds that Plaintiffs have stated a valid claim for relief under the ADA, and Fortune House's motion to dismiss for failure to state a claim must be denied.[2]

### B.     Failure to Join Necessary and Indispensable Parties

In the alternative, Fortune House contends that even if the Court finds that Plaintiffs have stated a valid claim for relief under the ADA, the case should be dismissed because the individual unit owners of the Fortune House property are necessary to this action, and failure to join such owners will ultimately impair Plaintiffs' interest in achieving complete relief. See Fed. R. Civ. P. 19.[3] Based upon the evidence currently before the Court and the allegations in Plaintiffs' Complaint, the Court finds that the joinder of

---

[2] Although Defendant contends that Fortune House is a residential facility consisting of 295 individually-owned units, and therefore is not a place of "public accommodation" subject to the ADA, Defendant concedes that some of the 295 units at Fortune House are available for lease. While the Court recognizes that the distinction between Fortune House's status as a condominium and/or hotel is critical in determining whether Fortune House is subject to the ADA, any factual disputes as to Fortune House's status as a condominium and/or hotel may be properly resolved by the Court on a motion for summary judgment following the completion of discovery.

[3] Fed. R. Civ. P. 19(a) provides:
A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

all the individual unit owners in the Fortune House property is not necessary to completely afford Plaintiffs the relief they are seeking. The ADA prohibits discrimination by any entity who owns, operates, leases or leases to a place of public accommodation. Fortune House, the condominium association named as Defendant, is allegedly the operating entity subject to an injunction if found to be engaging in conduct that violates the ADA.[4] Consequently, the Court denies Fortune House's motion to dismiss for failure to join necessary and indispensable parties

## Conclusion

Based upon the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss for failure to state a claim under the ADA and for failure to join necessary and indispensable parties is DENIED.

DONE and ORDERED in Miami, Florida, this 5th day of November, 2001.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139
Fax (305)-534-9894

Ellen M. Leibovitch, Esq.
Adorno & Zeder, P.A.
700 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Fax (561)-338-8698

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.

---

[4] Pursuant to Fla. Stat. §718.111, a condominium association may "contract, sue, or be sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association include, but are not limited to, the maintenance, management, and operation of the condominium property. After control of the association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest to most or all unit owners, including, but not limited to, the common elements...."

## welcome



The Buckminster was one of the first hotels in Boston, located on the triangular intersection of Beacon Street and Brookline Avenue. Built in 1897, it had 200 rooms and was designed by the renowned architect Stanford White, who also worked on the design of the Boston Public Library as well as many of the elegant Back Bay townhouses on Beacon Street. The Buckminster featured apartment suites in addition to regular hotel accommodations. The Buckminster was the site of the first network radio broadcast. WNAC Radio moved into new studios in The Buckminster July, 1929. Later that year, using a 100-foot antenna strapped to the building's roof with clothesline, WNAC arranged the first network broadcast in the history of radio with station WEAF in New York City.



### From Western Mass, Vermont and Northern New York

90E (Mass Pike) to Copley Plaza Exit. Quick left onto Dartmouth Street. Straight on Dartmouth for 4 blocks. Turn left onto Commonwealth Avenue to Kenmore Square. The Buckminster is 9 blocks straight on Commonwealth Avenue to Kenmore Square. The Buckminster is at the head of Kenmore Square.

### From Northern Mass, New Hampshire, and Maine

95S to 93S or 128S. If 128S, to 90E (Mass Pike) and follow Western Mass directions. If 93S, to Storrow Drive. Storrow Drive to Kenmore Square Exit. Turn right off Kenmore Square Exit (Charlesgate Drive West) onto Beacon Street. 3 blocks straight on Beacon Street to Kenmore Square. The Buckminster is at the head of Kenmore Square.

### From Southern Mass and Rhode Island

95N, 24N or 3N to 93N or 128N. If 128N, to 90W (Mass Pike) and follow Western Mass directions. If 93N, to Storrow Drive. Storrow Drive to Kenmore Square Exit. Turn right off Kenmore Square Exit (Charlesgate Drive West) onto Beacon Street. 3 blocks straight on Beacon Street to Kenmore Square. The Buckminster is at the head of Kenmore Square.

### From Connecticut and Southern New York

95N to 91N. 91N to 84E. 84E to 90E (Mass Pike) to Copley Plaza Exit. Quick Left onto Dartmouth Street. Straight on Dartmouth for 4 blocks. Turn left onto Commonwealth Avenue. 9 blocks straight on Comm. Ave to Kenmore Square. The Buckminster is at the head of Kenmore Square.

## BOSTON HOTEL BUCKMINSTER

645 Beacon Street  Boston, MA 02215
800-727-2825 • Main: 617-236-7050 • Fax: 617-262-0068
www.bostonhotelbuckminster.com

### ONLINE RESERVATION SYSTEM



**BOSTON HOTEL**
**BUCKMINSTER**
since 1897
HOTEL & SUITES



EXHIBIT 3

# overlooking Kenmore Square





The Buckminster 1972

The Buckminster has been renovated with elegant décor, combining modern amenities with Boston's historic charm. The hotel offers a warm, welcoming atmosphere that emphasizes friendly and hospitable service.

The hotel is situated in the main business and shopping districts, just minutes from Boston's historic sites, family attractions, and active nightlife, making it an ideal resting spot for business and leisure travelers.





Fenway Park, Home of the Boston Red Sox since 1912

**The Buckminster provides easy access to:**

**Museums**
Museum of Fine Arts, the Isabella Stewart Gardner Museum and Museum of Science

**Sporting Venues**
Fenway Park – home to the Boston Red Sox and The Fleet Center – home of the Boston Celtics and Boston Bruins

**World Famous Learning Institutions**
Boston University, Boston College, Longwood Medical Area, home of Harvard Medical School, its affiliated hospitals and research institutes

**Attractions**
Newbury Street, Faneuil Hall, Prudential Center, Copley Square, Hynes Convention Center, The U.S.S. Constitution and New England Aquarium

**Theatre/Performing Arts**
Boston Symphony Orchestra, The Boston Ballet and The Wang Center for the Performing Arts



photo by Kevin L. Will[...]

**World-Class Accommodations**

The Hotel Buckminster has 94 guest rooms, including 24 suites. All guest rooms and suites are elegantly furnished, capturing the old-world charm of Boston, and feature enticing views of the city.

**70 European-style rooms**
These rooms include a comfortable sitting area, marble bathroom, and one king or two twin beds.

**24 European-style suites**
These rooms offer increased living space, with a separate parlour and king-sized bedroom.

**Laundry and kitchen facilities on each of the hotel's six floors**

A Pizzeria Uno and neighborhood eateries provide on-site dining options

A short walk from MBTA subway, providing guests with easy access to the city.