UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

ACCESS 4 ALL, INC. a Florida not for profit
corporation, and PETER SPALLUTO, Individually,

        Plaintiffs,

vs.

BUCKMINSTER HOTEL CORPORATION, a
a Delaware Corporation, and BOSTON KENMORE
CONDOMINIUM TRUST, a Trust created under
Declaration of Trust dated December 26, 1986, as
amended,
        Defendant

vs.

SOLOMON & COMPANY REAL ESTATE, INC.,

        Third Party Defendant

Case No.1:04-CV-12237-JLT

Judge Joseph L. Tauro
Magistrate Judge Alexander

## MOTION TO STRIKE DEFENDANTS' REQUEST FOR JURY TRIAL AND MOTION TO DISMISS OR SEVER THIRD PARTY CLAIM

Plaintiffs, ACCESS 4 ALL, INC., a Florida not-for-profit corporation, and PETER SPALLUTO, Individually, respectfully oppose Defendant's Request for Jury Trial requested in Defendants' Answer and Third Party Complaint. Defendants provide no specific basis for requesting the jury trial. Nonetheless, Plaintiffs present the following arguments in support of denying the request for jury trial. Plaintiffs also request the Court of dismiss or sever the third party claim.

Plaintiffs bring suit against Defendants for violations of Title III of the Americans with Disabilities Act (ADA). In specific, Plaintiff Spalluto is a quadrapeligic and disabled person as defined by the ADA. Access 4 All, Inc. is a disability advocacy group to which Spalluto belongs and which includes amongst its members disabled individuals representing a cross section of those disabled individuals protected under the ADA. On a visit to Defendants' property, Spalluto

1

encountered many barriers to access depriving him of his right and enjoyment of the Defendants' property, the Boston Hotel Buckminster. These barriers also endangered his safety. The Defendants own, lease, lease to or operate the Boston Hotel Buckminster, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA. Title III of the ADA states "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), operates a place of public accommodation." 42 U.S.C. § 12182(a). The Plaintiff Spalluto, the members of the Plaintiff group and all others similarly situated will continue to suffer discrimination, injury and damage without the immediate relief provided under the ADA.

In their Amended Complaint, Plaintiffs seek only injunctive relief. The Plaintiffs are without an adequate remedy at law and suffering irreparable harm. In an ADA civil action, the court may grant equitable relief that the court considers to be appropriate or other relief the court considers to be appropriate. In some cases it may award civil penalties but not punitive damages. 42 U.S.C. § 12188. The injunctive relief the Plaintiffs request includes an Order to have Defendant make all readily achievable alterations to their facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services,

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

There is well established law that a trial by jury is not available for a trial on an ADA claim for an injunction. In Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 966 (7th Cir. 2004), the Court held in the ADA case ruling "[t]here is no right to a jury where the only remedies sought (or available) are equitable." In Conroy v. New York State Department of Correctional Services, 333 F.3d 88, 99 n 1 (2nd Cir. 2003), the Court notes that a Plaintiff seeking only equitable relief in an ADA case is not entitled to a jury trial under the Seventh Amendment. In Dorsey v. City of Detroit, 157 F.Supp.2d 729, 733 (E.D.Michigan 2001), held "Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being subjected to discrimination'." In Hobleman v. Kentucky Fried Chicken, KFC, 260 F.Supp. 2d 801, 805 (D.Nebraska 2003), the Court found "no authority which would permit an award of damaged to the plaintiff, or require that a jury trial be held, under Title III of the ADA."

Federal courts ruling in other civil rights cases reach the same conclusion. The Court in Wilson v. Bailey, 934 F.2d 301, 305 n.4 (11th Cir. 1991) noted that trial by jury is not available to Plaintiffs suing for injunctive and declaratory relief under 42 U.S.C. § 1983. Cf. Gauthreaux v. Baylor Univ. Med. Ctr., 876 F. Supp. 847, 848-49 (N.D. Tex. 1994) held that remedies under the Rehabilitation Act are equitable and therefore no right to trial by jury exists.

Defendants have added a third party Defendant to the action, Salomon & Company Real Estate, Inc. This third party complaint appears to have been initiated under Federal R. Civ.P. 14 as an action for impleader, although it is not specifically delineated at such. Plaintiffs presume

that the Defendants' are requesting a jury trial as a consequence of adding the third party Defendant. Plaintiffs have presented the reasons why a jury trial is inappropriate in this action. Plaintiffs contend that a jury trial is still inappropriate, even with the addition of the third party Defendant. Rule 14 of the Federal Rules of Civil Procedure allows any party to move to strike the third-party claim, or for its severance or separate trial. Plaintiff seeks to strike or in the alternative sever the claims against the third party Defendant, Salomon & Company Real Estate, Inc.

The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation." This provides Plaintiffs the ability to sue any individual entity that meets any of those definitions and does not require a plaintiff to sue all of them. Plaintiffs chose to sue the Buckminster Hotel Corporation and Boston Kenmore Condominium Trust as the liable parties. Plaintiffs did not sue Salomon & Company Real Estate, Inc., the manager of the property because it did not fall within the ADA's definition of a liable party.

A case between the Defendants' and Salomon & Company will entail arguments about state contractual law as it relates to the relationship and duties of the parties. These arguments will not be at all related to the present ADA claims. The original case at bar, as set out above, is exclusively for a judge to hear as it pertains solely to injunctive relief. A case between the Defendants' and Salomon & Company would properly be heard in front of a jury. It would be impractical and cumbersome to combine the state contractual issues and the ADA federal claims for injunctive relief into one suit, especially when the ADA claims should be heard

expeditiously. A jury trial can delay a ruling on injunctive relief. The Federal court is not the proper venue for the third party claim. If Defendants want to sue Salomon & Company for any potential liability or damages, they should be forced to do so separately and in state court.

In the alternative, Defendants can not convert an equitable ADA case to a legal one, requiring a jury trial, with the addition of a third party Defendant who may or may not be responsible for ensuring that the Defendants property complied with the ADA, especially where the gravamen of the action was injunctive relief. Any relief afforded to the Plaintiffs for liability found on the part of any of the Defendants will be in the form of injunctive relief, not legal damages. No actual, compensatory or punitive damages are sought. The costs to the Defendants to remedy the property of its architectural barriers are not actual, compensatory or punitive in nature – they are part and parcel of the injunctive relief. The ADA makes this clear in its section on what injunctive relief includes:

> Injunctive relief. In the case of violations of Sec.36.304, Sec.36.308, 36.310(b), 36.401, 36.402, 36.403, and 36.405 of this part, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act or this part. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by the Act or this part. 42 U.S.C. §12188 (a)(2)

Likewise, any attorneys fees awarded if the Plaintiffs are the prevailing party are also not considered legal damages but part of the general relief afforded under the ADA. As the ADA states:

> Attorneys fees. In any action or administrative proceeding commenced pursuant to the Act or this part, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual. 42 U.S.C. §12205.

5

See also <u>Quinn v. Bowmar Pub. Co.</u>, 445 F. Supp. 780, 788 (D.Maryland 1978), where the Court held in the civil rights action, that there is no right to a jury trial on the award of attorneys' fees and costs.

WHEREFORE, for the above reasons, the Plaintiffs request the Court to deny Defendant's Request for a Jury Trial and request the Court to dismiss or sever the Third Party claim.

Respectfully Submitted,

FULLER, FULLER AND ASSOC., P.A.
Attorney for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 - Fax

By: _____
O. Oliver Wragg, Esquire
Of Counsel
Bar Number: 643152

Date: 4/6/05