UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-12237-JLT

```
                                                          )
ACCESS 4 ALL, INC. a Florida not for profit corporation,  )
and PETER SPALLUTO, individually                          )
       Plaintiffs                                         )
                                                          )
v.                                                        )
                                                          )
BUCKMINSTER HOTEL CORPORATION, a Delaware Corporation, and)
BOSTON KENMORE CONDOMINIUM TRUST, a Trust created under   )
Declaration of Trust dated December 26, 1986, as amended  )
       Defendants/Third-Party Plaintiffs                  )
                                                          )
v.                                                        )
SALOMON & COMPANY REAL ESTATE, INC.                       )
       Third-Party Defendant                              )
                                                          )
```

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' REQUEST FOR JURY TRIAL AND OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR SEVER THIRD PARTY CLAIM**

Defendants Buckminster Hotel Corporation and Boston Kenmore Condominium Trust (collectively, "Buckminster") hereby oppose Plaintiffs' Motion to Strike Defendants' Request for Jury Trial and oppose Defendants' motion to dismiss or sever third-party claim where (a) Plaintiff failed to comply with Local Rule 7.1(A)(2), (b) Plaintiffs' Amended Complaint does not foreclose the possibility of seeking damages and so Defendants continue to assert their right to a jury trial, (c) Buckminster has properly asserted third-party claims against Salomon & Company Real Estate, Inc. seeking indemnification and contribution, and , more particularly, for the reasons set forth below:

1.  On April 6, 2005, Plaintiffs filed Motion to Strike Defendants' Request for Jury Trial and Motion to Dismiss or Sever Third Party Claim.

2.      Plaintiffs failed to comply with Local Rule 7.1(A)(2) before filing the motion, and Plaintiffs have failed to include any certificate of compliance with their motion. On that basis alone, Buckminster respectfully requests that this Court deny Plaintiffs' motion and that this Court order Plaintiffs to file no further motions without complying with Local Rule 7.1.(A)(2).

3.      To the extent that this Court considers Plaintiffs' motion despite Plaintiffs' failure to comply with Local Rule 7.1(A)(2), Buckminster respectfully requests that this Court clarify that Plaintiffs seek no monetary damages through this lawsuit. In its motion, Plaintiffs seek to strike Buckminster's jury trial claim because Plaintiffs "seek only injunctive relief." (See Plaintiffs' Motion, at p. 2). This allegation does not square with Paragraph 24 of the Amended Complaint, where Plaintiffs allege that they have suffered, among other things, "injury and damage." Moreover, in Paragraph "d" of the "WHEREFORE" clause, Plaintiffs seek "[s]uch other relief as the Court deems just and proper, and/or is allowable under Title III of the American with Disabilities Act." Thus, the Amended Complaint itself does not limit recovery sought to injunctive relief. To the extent that Plaintiffs do seek compensatory damages for any intentional violation of the Americans with Disabilities Act, Buckminster demands a jury trial pursuant to 42 U.S.C. §1981a(c).

4.      Buckminster does not wish to risk having a Court award money damages based upon the language of the Amended Complaint, even if Plaintiffs now claim that they do not seek monetary damages. Based upon the language of the Amended Complaint, Buckminster continues to assert their claim for a jury trial until such time as a determination is made that Plaintiffs do not seek, and cannot recover, monetary damages through this action. Buckminster therefore respectfully requests that this Court deny Plaintiffs' request to strike Buckminster's request for jury trial.

5. Plaintiffs also seek to dismiss or to sever the third-party claims brought by Buckminster against Salomon & Company Real Estate, Inc. (hereinafter, "Salomon"), the management company. To the same extent that Plaintiffs left open the door to seeking monetary damages in their Amended Complaint, Buckminster seeks to preserve its right to a jury trial for its indemnification/contribution claims against Salomon. Under Fed.R.Civ.P. 14(a), Buckminster may bring claims against an entity "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff." In the Third-Party Complaint, Buckminster alleges that Salomon was responsible for making sure that the premises complied with the ADA. (See Third-Party Complaint, ¶5). As a result, Buckminster has asserted contribution and indemnification claims against Salomon. The claims arise out of the same transaction or occurrence. Judicial economy would not be served by having Buckminster maintain two simultaneous actions in separate courts covering essentially the same set of facts. Buckminster therefore respectfully requests that this Court deny Plaintiffs' motion to dismiss and motion to sever.

**WHEREFORE**, for the above reasons, Defendants Buckminster Hotel Corporation and Boston Kenmore Condominium Trust respectfully request that this Court DENY Plaintiffs' Motion to Strike

Defendants' Request for Jury Trial and Motino to Dismiss or Sever Third Party Claim.

                                      The Defendants
                                      Boston Kenmore Condominium Trust and
                                      Buckminster Hotel Corporation
                                      By Their Attorneys,


                                      /s/ Paul J. Klehm
                                      James B. Krasnoo  BBO#279300
                                      Paul J. Klehm  BBO# 561605
                                      Law Offices of James B. Krasnoo
                                      23 Main Street, Terrace Level
                                      Andover, MA  01810
                                      (978) 475-9955

Dated:   April 12, 2005


## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid on April 12, 2005.

                                      /s/ Paul J. Klehm
                                      Paul J. Klehm